UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LISA DAWN RITTENHOUSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-CV-0763 MJR |
| | ) |
| THE BOARD OF TRUSTEES OF | ) |
| SOUTHERN ILLINOIS UNIVERSITY, | ) |
| SOUTHERN ILLINOIS UNIVERSITY | ) |
| SCHOOL OF LAW and PETER C. | ) |
| ALEXANDER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM and ORDER

**REAGAN, District Judge:**

Plaintiff, Lisa Rittenhouse, brings this action against the Board of Trustees of Southern Illinois University, Southern Illinois University School of Law and Peter C. Alexander pursuant to **42 U.S.C. §§ 1981, 1983; 42 U.S.C. § 12101,** *et seq*. **(Americans with Disabilities Act); and 29 U.S.C. § 794 (Rehabilitation Act)**.[1] The amended complaint, filed November 8, 2007, alleges as follows.

Since the age of five years old, Rittenhouse has been diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD") and dyslexia. At age thirteen, she was diagnosed with type II bipolar disorder. In August, 2006, Rittenhouse was admitted as a first-year student at Southern Illinois University School of Law ("School of Law"). In her first semester of law

---

[1]The Court notes that two additional Defendants, James Duggan and William Schroeder, are named only in the first paragraph of the amended complaint but not in the style of the case. There are no specific allegations as to these Defendants. Accordingly, the Court will dismiss Duggan and Schroeder without prejudice.

1

school, Rittenhouse attained a grade point average ("GPA") of 1.694; in her spring semester, she attained a GPA of 2.220, for a combined average of 1.948. Pursuant to School of Law rules, only students who had attained a 1.95 GPA were given an unconditional right to proceed with their third semester of school. Consequently, in the summer of 2007, the School of Law informed Rittenhouse that she had not attained the grades necessary to proceed to her second year of law school. Rittenhouse filed a timely petition for readmission. Defendant Alexander, Dean of the School of Law, referred her petition to the Academic Standards Committee, where it was denied.

Five other students applied for readmission, none of whom were handicapped and four of whom were members of racial minorities. Two of the students who were members of racial minorities did not have a sufficient GPA to apply for readmission under the School of Law's rules. To accommodate those students' petitions, Rittenhouse further alleges, the School of Law effected a change in the students' grades solely for the purpose of permitting them to file a petition with the design and purpose of granting the students' petitions for readmission.

Of the six students who sought readmission, only Rittenhouse's petition was denied. Of the petitioners, Rittenhouse had the highest GPA and claims that she had demonstrated her capacity to earn a 2.0 GPA. Alexander affirmed the findings of the committee, and the School of Law's faculty declined to hear her appeal for lack of jurisdiction.

Rittenhouse seeks injunctive relief and compensatory and punitive damages. Defendants have moved to dismiss Rittenhouse's amended complaint (Doc. 22). The matter is fully briefed and ready for disposition.

## II. Applicable Legal Standards

**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** governs motions to dismiss for failure to state a claim upon which relief can be granted. When considering a motion to dismiss

for failure to state a claim, the Court accepts the plaintiff's allegations as true, and construes all inferences in favor of the plaintiff. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Thompson v. Ill. Dep't of Prof. Regulation,* 300 F.3d 750, 753 (7th Cir. 2002). As the Supreme Court recently explained in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007), "... it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief, *id*. at 1968-69, by providing allegations that 'raise a right to relief above the speculative level." *E.E.O.C. v. Concentra Health Services, Inc.*, **496 F.3d 773, 777 (7th Cir. 2007) (quoting *Bell Atlantic*, 127 S.Ct. at 1965)**.

Under the liberal notice pleading requirements of the federal rules, all that is required to state a claim "is a short statement, in plain . . . English, of the legal claim." *Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir. 1999); FED. R. CIV. P. 8(a)(2). "A full narrative is unnecessary." *Id.*; *see also, e.g., Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002); McDonald v. Household International, Inc., 425 F.3d 424, 427-28 (7th Cir. 2005); Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1077-78 (7th Cir. 1992).* Thus, Rule 12(b)(6) dismissal should be denied "if any facts that might be established within [a plaintiff's] allegations would permit a judgment for the plaintiff." *Duda v. Board of Education of Franklin Park Public School District No. 84,* 133 F.3d 1054, 1057 (7th Cir. 1998).

### III. Analysis

A. **Defendant School of Law**

The School of Law moves to dismiss all claims against it because it is a subdivision of Southern Illinois University ("SIU") and operates under the direction and control of the SIU Board of Trustees ("the Board"). As a result, the School of Law is not a separate legal entity but an integrated division of SIU and may not be sued separately from the Board.

The Court has carefully reviewed Rittenhouse's response and finds that she does not contest the School of Law's argument. Indeed, that argument is not available to her because the School of Law does not enjoy a separate legal existence independent of the university or, rather, from the Board, and, consequently, is not amenable to suit. *See, e. g., Williams v. University of Ill.*, **945 F.Supp. 163, 165 (N.D.Ill. 1996)**; *Ladien v. Bd. of Trustees, Univ. of Ill.*, **1994 WL 395078, at *7 (N.D.Ill. 1994)**. As Defendants state, the capacity of SIU to sue and be sued is granted to the Board in the **Southern Illinois University Management Act, 110 ILCS 520/7 ("The Board shall have power to enter into contracts, to sue and be sued[.]")**. The Act grants the Board the authority to govern and manage SIU and its branches. **110 ILCS 520/8(1)**. Under this authority, the Board employs all necessary deans and professors, prescribes the course of study to be followed, and issues, "upon the recommendation of the faculty, diplomas to such persons as have satisfactorily completed the required studies." *Id.* **at subparts 2-4.**

Because the School of Law is not a legal separate entity but is a division of the University, subject to the Board's governing authority, it is not a proper party to this suit and must be dismissed with prejudice.

B.     <u>**Reverse Discrimination under 42 U.S.C. §§ 1981 and 1983 (Count I )**</u>

The Board and Alexander contend that they are entitled to immunity from Rittenhouse's §§ 1981 and 1983 claims under the Eleventh Amendment and because they are not "persons" subject to suit within the meaning of § 1983.

The Court discerns no response by Rittenhouse to the Board's and Alexander's assertion that they are entitled to sovereign immunity under the Eleventh Amendment other than her assertion that prospective injunctive relief is available under *Ex Parte Young*, **209 U.S. 123 (1908)**.

The Eleventh Amendment recognizes that each state is a sovereign entity, and "it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without consent." *Hans v. Louisiana*, 134 U.S. 1, 13 (1890). By its express terms, the Eleventh Amendment bars federal court suits against a state by citizens of any *other* state. U.S. CONST. AMEND. XI.[2] The United States Supreme Court consistently has held that unconsenting states are immune from suits brought in federal court by their *own* citizens as well as by citizens of other states. *Ameritech Corp. v. McCann*, 297 F.3d 582, 585 (7th Cir. 2002)(citing *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

The bar against federal court suits extends to state agencies and state officials as well states. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). *See also Ill. Assoc. of Mortgage Brokers v. Office of Banks and Real Estate*, 308 F.3d 762, 765 (7th Cir. 2002); *Ryan v. Ill. Dep't of Children and Family Services*, 185 F.3d 751, 758 (7th Cir. 1999)(as agency of state, Illinois Department of Children & Family Services was entitled to Eleventh Amendment immunity against § 1983 claims).

The Seventh Circuit has noted the following exceptions to this constitutional bar: (1) suits against state officials seeking prospective equitable relief for ongoing violations of federal law are not barred by the Eleventh Amendment; (2) individuals may sue a state directly if Congress has abrogated the state's immunity from suit; and (3) individuals may avail themselves of suits against a state that has properly waived its sovereign immunity and consented to suit in

---

[2] The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

federal court. ***MCI Telecommunications Corp. v. Ill. Commerce Com'n*, 183 F.3d 558, 563 (7th Cir. 1999) (citing *Marie O .v. Edgar*, 131 F.3d 610 (7th Cir. 1997)**.

Guided by these factors, the Court finds that Rittenhouse's claims for prospective injunctive relief for ongoing violations of federal relief are not barred by the Eleventh Amendment. Specifically, her requests that the Court enjoin Defendants' misconduct towards her and other similarly situated students, enjoin Defendants from further violations of the federal civil rights laws, the ADA and the Rehabilitation Act and that the Court grant other equitable relief, including readmission to the School of Law fall within an exception to this constitutional bar.

Rittenhouse does not contend that Congress has abrogated the state's immunity from suit nor that the State has waived its sovereign immunity and consented to suit in federal court. Such arguments would not be meritorious in any case.

The Supreme Court has recognized Congressional abrogation of Eleventh Amendment immunity for suits under Title VII, ***Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976)**, but not for suits under 42 U.S.C. § 1983, ***Quern v. Jordan*, 440 U.S. 332 (1979)**. The Court of Appeals for the Seventh Circuit has held that Eleventh Amendment immunity is not abrogated. for suits under 42 U.S.C. § 1981. ***Rucker v. Higher Educ. Aids Bd.*, 669 F.2d 1179, 1181 (7th Cir. 1982)**.

As to waiver of sovereign immunity, Supreme Court precedent is clear that consenting to suit in state court does not constitute a waiver of immunity to suit in federal court. ***Digiore v. State of Ill.*, 962 F.Supp. 1064, 1077 (N.D.Ill. 1997)(citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) ("Although a State's general waiver of sovereign immunity may subject it to suit in state court, it is not enough to waive the immunity guaranteed by the Eleventh Amendment.")**. "For any statute to waive federal court immunity,

6

it must 'specifically indicate the State's willingness to be sued in federal court.'" *Id*. **(citing** *Atascadero***, 473 U.S. at 234;** *Micomonaco v. Washington***, 45 F.3d 316, 319 (9th Cir.1995) (To constitute an express waiver, "the statute at issue must specify the state's intention to be sued in federal court."))**. The statute in the current case is a state law that includes the State within its purview but does not specifically reference suit in federal court. *See* **Southern Illinois University Management Act, 110 ILCS 520/7,** *supra*. Thus, "[w]hile the statute may indeed effect a general waiver of sovereign immunity in state court, it falls far short of 'the most express language or ... such overwhelming implication from the text as leave[s] no room for any other reasonable construction' that is required for federal court waiver." *Id*. **(citing** *Edelman v. Jordan,* **415 U.S. 651, 673 (1974) (internal quotations and citations omitted))**.

In light of the absence of Congressional abrogation of immunity, and since there is no evidence of consent in this case, the Board is immune from a suit for damages under both § 1981 and § 1983. *See Kroll v. Bd. of Trustees of Univ. of Ill.,* **934 F.2d 904 (7th Cir. 1991) (state university board of trustees immune from suit under § 1983 pursuant to Eleventh Amendment);** *Walker v. Bd. of Trustees of Univ. of Wisconsin,* **300 F.Supp.2d 836, 849 (W.D. Wis. 2004) (plaintiffs may not sue state entities for damages under § 1981 or § 1983)**.

Moreover, because the Board is a state agency, and not a state official acting in an official capacity, the exception to Eleventh Amendment immunity set out in *Ex parte Young* does not apply to claims against it. *Ex parte Young* applies only when state officials are sued for prospective relief in their official capacity and does not permit suit against state agencies, even when the relief is prospective. *Pennhurst State School & Hosp. v. Halderman***, 465 U.S. 89, 100-03 (1984);** *see also Sessions v. Rusk State Hosp.***, 648 F.2d 1066, 1069 (5th Cir. 1981) (noting that "neither the state nor its agencies may be sued for injunctive relief in federal**

7

court, although injunctive or prospective relief may be sought against state officials without invoking the eleventh amendment bar"). *See also Kroll*, 934 F.2d at 908 (citing *Cannon v. University of Health Sciences/Chicago Medical School*, 710 F.2d 351 (7th Cir.1983)). Consequently, the exception to Eleventh Amendment immunity set out in *Ex parte Young* does not apply to claims against the Board, and Rittenhouse is barred from obtaining prospective relief from it on Eleventh Amendment immunity grounds.

As to Alexander, the Eleventh Amendment bar applies "when State officials are sued for damages in their official capacities." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (internal citations omitted). However, a private party can seek prospective injunctive relief to abate a continuing violation of federal law by a state official acting in his official capacity. *Edelman v. Jordan*, 415 U.S. 651, 677 (1974) ("a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief ... and may not include a retroactive award which requires the payment of funds from the state treasury"). Therefore, although barred from seeking damages against Alexander in his official capacity, Rittenhouse is not so barred from seeking prospective injunctive relief.

### C. Rehabilitation Act and ADA claims (Counts II and III)

Rittenhouse does not specify under which Title of the ADA she brings this action, but it clearly concerns Title II, which forbids discrimination against persons with disabilities by public services, programs and activities. **42 U.S.C. § 12131-12165**. As discussed above, the Eleventh Amendment renders unconsenting states immune from suits brought by an individual in federal court unless (1) the suit seeks prospective equitable relief; (2) Congress has abrogated the state's immunity from suit; or (3) the state has properly waived its sovereign immunity and consented to suit in federal court. *MCI*, 183 F.3d at 563 (citing *Marie O.*, 131 F.3d 610). In

order for Congress to validly abrogate state sovereign immunity, it must unequivocally express its intent to abrogate that immunity and act pursuant to a valid grant of constitutional authority. *Kimel v. Fla. Bd. of Regents*, **528 U.S. 62, 73 (2000)**.

The Court considers whether Congress has validly abrogated state sovereign immunity with respect to the current case in light of the Supreme Court's holding in *Tennessee v. Lane*, **541 U.S. 509 (2004)** and of a sister court's holding in *Doe v. Bd. of Trustees of Univ. of Ill.,* **429 F. Supp. 2d 930 (N.D.Ill. 2006)**. In *Lane*, the Supreme Court determined that Congress abrogated Eleventh Amendment immunity where the fundamental right of access to the courts is implicated. **541 U.S. at 518.** In *Doe,* the district court considered whether this holding should be extended to include postgraduate state university programs. In declining to do so, the court disagreed with the Fourth and Eleventh Circuits and concluded that "Title II, as applied to the postgraduate state university program at issue in this case, exceed[ed] Congress's power under section five [of the Fourteenth Amendment]." **429 F.Supp. 2d at 939**. Specifically, relying upon the *Lane* decision, the district court found that, while access to the courts is a fundamental constitutional right, education is not considered by the Supreme Court to be a fundamental constitutional right**.** *Id.*(**citing** *San Antonio Independent Sch. Dist. v. Rodriguez***, 411 U.S. 1, 35-37 (1973)**. On this basis, the district court dismissed all claims for damages against the Board of Trustees. *Id***. at 940**. The court also dismissed Doe's claims for money damages against individual defendants in both their official and individual capacities. *Id***. (citing** *Brown v. Budz***, 398 F.3d 904, 918 (7th Cir. 2005)(official capacity claim against individual defendant barred by the Eleventh Amendment because it amounts to a suit against the state);** *Walker v. Snyder***, 213 F.3d 344, 346 (7th Cir. 2000),** *abrogated on other grounds by Bruggeman ex rel. Bruggeman v. Blagojevich***, 324 F.3d 906, 913 (7th Cir. 2003);** *Sallenger v. City of Springfield***,**

**2005 WL 2001502, at \*29 (C.D.Ill. 2005)(individual capacity claim barred because the ADA only allows institutions, not individuals, to be sued for monetary damages)**.

This Court finds the reasoning of the Northern District of Illinois court compelling and will adopt its analysis and holding. Consequently, Rittenhouse's claims against the Board, under Count III, are barred by Eleventh Amendment immunity. Her claims against Alexander in his official capacity are barred by the Eleventh Amendment and, in his individual capacity, are barred because the ADA allows only institutions, not individuals, to be sued for monetary damages. The action may proceed against Alexander only in his official capacity for injunctive relief.

Rittenhouse must raise her other claims under the ADA in state court, given *Erickson v. Board of Governors for Northeastern Ill. University*, 207 F.3d 945 (7th Cir. 2000), and *Stevens v. Ill. Department of Transportation*, 210 F.3d 732 (7th Cir. 2000). *See Stanley v. Litscher,* 213 F.3d 340, 343 (7th Cir. 2000). "*Erickson* and *Stevens* hold that § 5 of the fourteenth amendment does not provide Congress with authority to enact the ADA. Because it rests on the Commerce Clause rather than § 5, the eleventh amendment precludes private litigation against the state in federal court." *Stanley*, 213 F.3d at 343.

Contrary to Defendants' assertions, the analysis under the Rehabilitation Act differs significantly. As set forth above, the two well-established exceptions to the rule of state sovereign immunity are state waiver and Congressional abrogation. *Kroll,* 934 F.2d at 907. With respect to the Rehabilitation Act, Illinois has waived sovereign immunity as a precondition to receiving "federal largess." *Stanley,* 213 F.3d at 344 **(concluding in agreement "with the fourth, ninth, and eleventh circuits that the Rehabilitation Act is enforceable in federal court against recipients of federal largess" since the statute properly conditions states'**

**receipt of funds upon waiver of immunity))(citations omitted)**. Rittenhouse's action under the Rehabilitation Act is not barred by the Eleventh Amendment and may proceed. However, punitive damages are not available under the Rehabilitation Act. ***Barnes v. Gorman,* 536 U.S. 181, 189 (2002)(punitive damages may not be awarded in private suits brought under § 504 of the Rehabilitation Act)**.

In sum, the Court **GRANTS** in part and **DENIES** in part Defendants' motion to dismiss (Doc. 22). The Court **DISMISSES with prejudice** Southern Illinois University School of Law, **DISMISSES without prejudice** Defendants Duggan and Schroeder, **DISMISSES** Count I against the Board in its entirety but allows it to proceed against Alexander in his official capacity for injunctive relief only, and **DISMISSES** Count III (ADA) against the Board in its entirety but allows it to proceed against Alexander in his official capacity for injunctive relief only. Finally, the Court **DENIES** Defendants' motion as to Count II (Rehabilitation Act) with the exception that punitive damages are not available.

**IT IS SO ORDERED.**

**DATED this 21st day of May, 2008**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**